*929 OPINION.
Love:
The first issue in this case is whether or not the stock oí the Rachel Coal Co. purchased by petitioner in 1918, at a cost of $4,000 was worthless in 1919 so as to justify the petitioner in deducting the cost thereof as a loss in that year.
The petitioner’s evidence precludes us from sustaining its contention. The petitioner’s secretary and treasurer testified to the effect that no attempt was made to determine the financial condition of the Rachel Coal Co. For aught the record shows, the stock was worth a hundred cents on the dollar. The mere fact that the stock found no ready market, or that the Rachel Coal Co. would not buy it in, certainly does not establish that it was in fact Avorthless and that fact must first be ascertained before the petitioner can, under the statute, claim a deduction of the cost thereof as a loss. Appeal of T. J. Donahoe, 2 B. T. A. 355.
*930 The determination of the Commissioner in disavowing that deduction is, therefore, sustained.
With respect to the contention made by the petitioner that the Commissioner did not, for the year 1919, allow it a reasonable amount as a deduction for depreciation and obsolescence of its kilns and machinery, we must also approve the determination of the Commissioner.
In the respondent’s answer filed in this proceeding, it is alleged that he “ denies that the Commissioner refused to allow a reasonable amount for depreciation on an old style, upright, intermittent kiln pottery,” and he further “ denies generally and specifically each and every allegation contained in the taxpayer’s petition not hereinbefore admitted, qualified or denied.”
The deficiency notice, with computation, which forms the basis of this proceeding was not attached to the petition, nor was there any evidence introduced to show what allowance, if any, the Commissioner made for depreciation and obsolescence. Without knowledge of what allowance for depreciation and obsolescence was made by the Commissioner, we are unable to do otherwise than approve his determination, whatever that may have been. The burden of showing that the Commissioner erred is on the petitioner. Appeal of Rock Spring Distilling Co., 2 B. T. A. 207. However, had the petitioner offered evidence as to the amount of depreciation taken by it for 1919, on its kilns and machinery, and disallowed by the Commissioner, there would still exist, in the present condition of the record, an insurmountable difficulty which of itself precludes our disturbing the determination made in this respect by the Commissioner.
In order that depreciation may be allowed, it is necessary in addition to knowing the useful life of the depreciable assets, to have established the cost or March 1, 1913, value of such assets. Appeal of When Clothing Co., 1 B. T. A. 973. The burden of proof in respect of those matters is on the petitioner. Appeal of Valley Steamship Co., 1 B. T. A. 1107. In this proceeding the petitioner has proved that in 1918 it estimated the net value of its depreciable assets, at that time, at $76,188.59. The record is silent as to the March 1, 1913, value of those assets owned by the petitioner at that time. Likewise, the record is silent as to the cost of any depreciable assets acquired subsequent to March 1, 1913, and prior to 1918. It is obvious, therefore, that in view of the condition of the record, we can not disturb the Commissioner’s determination in respect to depreciation and obsolescence. Appeal of William Harris, Jr., 2 B. T. A. 156.

Judgment will he entered for the respondent.

Considered by Smith and Littleton.